## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| SANDRA J. CURRY | ) | No. 06 B 13096 |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OPINION ON MOTION TO
## CONFIRM TERMINATION OR ABSENCE OF AUTOMATIC STAY

This proceeding relates to the Chapter 13 bankruptcy case filed by Sandra Curry ("Debtor") on October 12, 2006. Debtor filed her previous voluntary bankruptcy case under Chapter 13 of the Bankruptcy Code on September 16, 2005, Case No. 05-37752, while a foreclosure was pending against her home. That bankruptcy case was dismissed on August 17, 2006 for failure to make timely payments to the Chapter 13 Trustee. Because Debtor's current filing occurred after October 17, 2005, the amendments to the Bankruptcy Code enacted pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") are applicable to this case.

BAPCPA amended the Bankruptcy Code to include 11 U.S.C. § 362(c)(3)(A), which terminates the automatic stay thirty days after the new case is filed for debtors who had a previous bankruptcy case pending within the year prior to debtor's current petition date and that previous case was dismissed. Section 362(c)(3)(A) applies to Debtor because she had a prior case that failed within that year period. Debtor could have moved within the thirty day period for extension of her stay rights under § 362(c)(3)(B) but did not do so.

1

Ameriquest Mortgage Company ("Ameriquest" or "Movant") holds a mortgage in foreclosure on Debtor's residence located at 12606 Loomis, Calumet Park, Illinois (the "Property"). Ameriquest filed its Motion to Confirm Termination or Absence of Stay (the "Motion") seeking an order confirming that the automatic stay completely terminated on November 11, 2006, the thirtieth day after this new case was filed. Ameriquest argues that the automatic stay fully terminated on that date pursuant to 11 U.S.C. § 362(c)(3)(A). In her Answer, Debtor argues that the language of § 362(c)(3)(A) dictates that termination of the automatic stay on the thirtieth day under that provision only applies to person or property of "debtor," and not to "property of the bankruptcy estate." Therefore, because the subject Property is "property of the estate" Debtor contends that the automatic stay did not terminate with respect to it.

The Motion requires a determination of whether § 362(c)(3)(A) fully terminated the automatic stay with regard to the debtor, property of the debtor, and also property of the estate, or partially terminated the stay only with regard to the debtor and property of the debtor.

For reasons set forth below, it is held that § 362(c)(3)(A) terminated the automatic stay in all respects with respect to the Property. Therefore, by separate order the Motion will be granted confirming that the automatic stay fully terminated with respect to property of the estate on November 11, 2006, thus ending the stay with respect to the Property.

## JURISDICTION AND VENUE

This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334. It has been referred here by Internal Operating Procedure 15(a) of the United States District Court for

the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G). Venue is proper under 28 U.S.C. § 1409(a).

## UNDISPUTED FACTS

1.      Ameriquest Mortgage Company ("Ameriquest" or "Movant") is the holder of an Adjustable Note dated August 22, 2003 in the amount of $85,000, which is secured by a Mortgage dated August 22, 2003 in the amount of $85,000 on the residential property located at 12602 Loomis, Calumet Park, Illinois 60827 (the "Property"). On December 14, 2004, Ameriquest filed in state court its complaint to foreclose the mortgage, in which action foreclosure judgment was entered but sale was not yet held.

2.      On September 16, 2005, Sandra L. Curry ("Debtor") filed for relief under Chapter 13 of the Bankruptcy Code, Case No. 05-37752.

3.      Case No. 05-37752 was dismissed on August 17, 2006 for failure to make timely payments to the Chapter 13 Trustee.

4.      The instant case was filed by Debtor for relief under Chapter 13 on October 12, 2006.

5.      Debtor never filed a motion in this case to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B). The thirty day period after filing of this case expired on November 11, 2006.

6.      On November 21, 2006 Ameriquest filed its pending a Motion to Confirm Termination or Absence of Stay (the "Motion"). On December 13, 2006 Debtor filed an Answer to the Motion.

3

7.    Any facts contained in the Discussion below shall constitute additional undisputed facts.

## DISCUSSION

The issue in this case is whether § 362(c)(3)(A), as added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides for full termination of the automatic stay with regard to the debtor, property of the debtor, and property of the estate, or only partial termination with regard to the debtor and property of the debtor. Since the Property is property of the estate, the question is whether in the absence of stay extension under § 362(c)(3)(B) the Movant may proceed with its foreclosure.

Section § 362(c)(3)(A) provides that in a debtor's second Chapter 13 case within a year,

> . . .. (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease **shall terminate with respect to the debtor** on the 30th day after the filing of the later case;

11 U.S.C. § 362(a)(c)(3)(A) (emphasis supplied).

Many opinions have grappled with interpreting this provision. See In re Paschal, 337 B.R. 274, 277 (Bankr. E.D.N.C. 2006) ("The language of the statute is susceptible to conflicting interpretations, and if read literally, would apply to virtually no cases at all. In sum, it's a puzzler."); In re Baldassaro, 338 B.R. 178, 182 (Bankr. N.D.H. 2006) ("[T]he Court notes that the language in new § 362(c)(3) is very poorly written."); In re Charles, 332 B.R. 538, 541 (Bankr. S.D. Tex. 2005) ("The Court notes that the relevant provisions in the Act are, at best, particularly difficult to parse and, at worst, virtually incoherent."). Given the view of most bankruptcy judges that the statute is ambiguous and garbled, it is difficult to see how recognition

4

that it "is susceptible to conflicting interpretations," In re Paschal, 337 B.R. 274, 279 (Bankr.

E.D.N.C. 2006) can nonetheless lead to a conclusion that any ultimate interpretation is

"supported by the plain meaning of § 362(c)(3)(A), § 101(12) and § 102(2) . . .." In re Jones, 339

B.R. 360, 365 (Bankr. E.D.N.C. 2006).

The doctrine of plain meaning is a recognized doctrine to be applied where appropriate,

not where the statute lacks plain and unambiguous language:

> "It is an axiom of statutory interpretation that the plain meaning of
> an unambiguous statute governs, barring exceptional
> circumstances." Wachovia Bank, N.A. v. Schmidt, 388 F.3d 414,
> 416 (4th Cir. 2004). Section 362(c)(3)(A), however, is far from
> being unambiguous. The Fourth Circuit recently emphasized in In
> re Coleman, 426 F.3d 719 (4th Cir. 2005), that "[i]n analyzing
> statutory language, [courts] must first 'determine whether the
> language at issue has a plain and unambiguous meaning.'"
> Coleman, 426 F.3d at 725 (4th Cir. 2005), quoting Robinson v.
> Shell Oil Co., 519 U.S. 337, 340, 117 S.Ct. 843, 846, 136 L.Ed.2d
> 808 (1997). That analysis is "guided 'by reference to the language
> itself, the specific context in which that language is used, and the
> broader context of the statute as a whole.'" Coleman, 426 F.3d at
> 725, quoting Shell Oil, 519 U.S. at 341, 117 S.Ct. at 846.

In re Paschal, 337 B.R. at 277.

Since the statute at issue here has no "plain and unambiguous meaning," it has no plain

meaning to be followed. Instead, its language must be interpreted with reference to both the

statutory wording and the broader context of BAPCPA changes.

Under § 362(c)(3)(B), Debtor could have moved within the thirty day period to extend

duration of the stay, but no such motion was timely filed. Ameriquest argues that because the

automatic stay was not thereby extended, it is entitled to complete its foreclosure of the Property

because the automatic stay with respect to the Property terminated on November 11, 2006 under

5

§ 362(c)(3)(A). Ameriquest thus seeks an order confirming that the automatic stay has in fact terminated with respect to the Property.

Debtor argues that the Property is protected by the automatic stay because § 362(c)(3)(A) does not terminate the automatic stay with respect to property of Debtor's bankruptcy estate but only terminates "with respect to debtor" which is argued to mean the person and property of those debtors but not property of the estate.

Most opinions deciding this issue have reached the result supporting Debtor's position. See In re Jumpp, No. 06-031, 2006 WL 3802702 (B.A.P. 1st Cir. Dec. 28, 2006); In re Pope, 351 B.R. 14 (Bankr. D. R.I. 2006); In re Murray, 350 B.R. 408 (Bankr. S.D. Ohio 2006); In re Brandon, 349 B.R. 130 (Bankr. M.D. N.C. 2006); In re Gillcrese, 346 B.R. 373 (Bankr. W.D. Pa. 2006); In re Williams, 346 B.R. 361 (Bankr. E.D. Pa. 2006); In re Harris, 342 B.R. 274 (Bankr. N.D. Ohio 2006); In re Jones, 339 B.R. 360 (Bankr. E.D. N.C. 2006); In re Moon, 339 B.R. 668 (Bankr. N.D. Ohio 2006); In re Johnson, 335 B.R. 805 (Bankr. W.D. Tenn. 2006). While those opinions must be given respectful attention, they are not stare decisis binding in this District.

A minority view holds that the automatic stay terminates in its entirety. See In re Jupiter, 344 B.R. 754 (Bankr. D.S.C. 2006); In re Jumpp, 344 B.R. 21, 23 (Bankr. D. Mass. 2006), order vacated, No. 06-031, 2006 WL 3802702 (B.A.P. 1st Cir. Dec. 28, 2006).

**Property of the Bankruptcy Estate**

Since the issue here is whether § 362(c)(3)(A) applies broadly to property of the estate (here the Property) or narrowly only to property of the "debtor," some discussion of the difference is warranted.

Sections 541 and 1306 of the Bankruptcy Code broadly incorporate all of Debtor's pre-

petition and post-petition property into Debtor's estate. Upon the filing in bankruptcy, an estate

comprised of all legal and equitable interests of a debtor is created. 11 U.S.C. § 541(a). Section

541 of the Bankruptcy Code provides:

> (a) The commencement of a case under section 301, 302, 303 of this title creates an
> estate. Such estate is comprised of all the following property, wherever located and by
> whomever held:
>> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or
>> equitable interests of the debtor in property as of the commencement of the case.

This paragraph "includes initially as property of the estate all of the debtor's property,

including that necessary for a fresh start." 8 Collier on Bankruptcy, ¶ 541.04 (15th ed. 2006).

The Supreme Court has viewed this not as a limitation of what is included in the estate but as a

broad, inclusive definition. United States v. Whiting Pools, Inc., 462 U.S. 198, 103 S.Ct. 2309,

2312, 76 L.Ed.2d 515 (1983).

The Chapter 13 estate is larger than the Chapter 7 estate as it includes all property

specified in § 541, and also all property that a debtor acquires after the commencement of the

case but before the case is closed, dismissed, or converted. 11 U.S.C. § 1306(a)(1); In re

Lybrook, 951 F.2d 136, 137 (7th Cir. 1991).

Based on the inclusiveness of §§ 541 and 1306, "presumably the only property that would

be property of the Debtor and not property of the estate is that property which has been

abandoned or which is exempt or which is otherwise excluded from the definition of 'property of

the estate.'" In re Jupiter, 344 B.R. 754, 757 (Bankr. D.S.C. 2006) (citations omitted). In this

case, the Property has not been abandoned and is not entirely exempt. Therefore, the Property

constitutes property of the estate, not property of the debtor. When § 362(c)(3)(A) terminates the

stay "with respect to the debtor," does that apply to property of the estate including the Property

at issue here?

When interpreting a statute, the starting point "'is the language of the statute itself.

Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be

regarded as conclusive.'" Sapperstein v. Hager, 188 F.3d 852, 857 (7th Cir. 1999) (citing Kaiser

Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835, 110 S.Ct. 1570, 108 L.Ed.2d 842

(1990) (internal citation omitted)). If a statute is unambiguous, the plain meaning of the

language enacted by Congress must be enforced. In re Voelker, 42 F.3d 1050, 1051 (7th Cir.

1994). "[C]ourts must presume that a legislature says in a statute what it means and means in a

statute what it says there." Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct.

1146, 1149 (1992). However as here when language of the statute is ambiguous, or where a

literal interpretation would produce an absurd result inconsistent with the purpose of the overall

statutory scheme, a court should look beyond the express language of a statute. United States v.

Real Estate Known as 916 Douglas Ave., 903 F.2d 490, 492 (7th Cir. 1990).

### Contrasting § 362(c)(4)(A)(i) Language

Some opinions discussing this issue have reached their decisions by focusing on the

differing language found in §§ 362(c)(4)(A)(i) and 362(c)(3)(A). Section 362(c)(4)(A)(i) applies

to a debtor that has had two or more cases dismissed in the year prior to filing of a third case.

That provision states that "if a single or joint case is filed by or against a debtor ... and if 2 or

more single or joint cases of the debtor were pending within the previous year but were dismissed

... the stay under subsection (a) shall not go into effect upon the filing of the later case." Section

8

362(c)(4)(A)(i) thereby provides in no uncertain terms that the automatic stay does not come into effect at all upon the filing of a debtor's third bankruptcy case within a one year period.

It has been opined that if Congress intended to terminate the automatic stay in its entirety under § 362(c)(3)(A) it could have included language similar to that found in § 362(c)(4)(A)(i). However, because Congress failed to include in § 362(c)(3)(A) the same broad language found in § 362(c)(4)(A)(i), some opinions have reasoned that the automatic stay remains in effect for property of the estate but terminates as to Debtor and Property of the Debtor.

An opinion by Bankruptcy Judge Small which is often followed noted:

> If Congress wanted to terminate the stay of all the protections of the automatic stay in § 362(c)(3)(A) it could easily have used language similar to that in § 362(c)(4)(A)(i) ("the stay under subsection (a) shall not go into effect upon the filing of the later case"). Congress instead chose to describe the termination of stay quite differently ... Since Congress, in terminating aspects of the automatic stay in § 362(c)(3)(A), chose language that is so vastly different than the straightforward language it used when it terminated all protections of the stay in § 362(c)(4)(A)(i), the court concludes that § 362(c)(3)(A) is not as broad as § 362(c)(4)(A)(i) and that all of the protections of the automatic stay are not eliminated by § 362(c)(3)(A).

In re Paschal, 337 B.R. 274, 278-79 (Bankr. E.D.N.C. 2006).

However, that reasoning cannot survive a close parsing of the provision at issue in context of other Code provisions.

9

**Section § 362(c)(3)(A)**

Section § 362(c)(3)(A) has seven parts:

    (1)    . . . the stay . . .
    (2)    with respect to any action taken
    (3)    with respect to a debt or property securing such debt
    (4)    with respect to any lease
    (5)    shall terminate
    (6)    with respect to the debtor
    (7)    on the 30th day after the filing of the later case.

The second and sixth phrases have generally stirred up most controversy.

Reading all but those two phrases, the remaining parts say that the stay "shall terminate" with respect to property securing debt on the 30th day "with respect to any action taken" pertaining to that property.

### Second Phrase: "with respect to any action taken"

To the extent the stay is modified, modification applies only when there has been "any action taken" with respect to property affected. The first issue is whether there was an "action taken with respect to a debt or property securing such debt . . .." A good discussion found on what is meant by "action" is that of Judge Small in <u>Paschal</u>. <u>Id</u>. at 279-81. It was reasoned there, with applicable authority relied on, that "action" means "a formal judicial administrative or similar undertaking," not any "act" that may be outside such formal judicial setting. <u>Id</u>. at 280.

In this case, such an "action" was filed through presentation of the still pending state court foreclosure action against the Property.

10

### Sixth Phrase: "with respect to the Debtor"

Viewing the sixth phrase of § 362(c)(3)(A) as ambiguous within the rest of the provision and also within context of the overall statutory scheme, it must be found that the automatic stay did not at all continue with respect to Debtor's property of the estate that was subject to prior judicial "action." The automatic stay is said to terminate "with respect to a debt or property securing such debt;" Paschel, Jones, and Johnson, among leading cases for the majority view, do not give proper weight to the latter statutory phrase, which must be read to apply to the Debtor's Property in issue here.

The remaining language, "with respect to the debtor" does two things: (1) it makes the stay protection end as to debtor and debtor's property (in addition to the ending of stay protection against secured property of the estate caused by earlier provisions) and (2) it defines the debtor affected by this provision. "Thus, in a joint case 'a debtor' may not necessarily mean both debtors if one debtor did not have a case dismissed within the year prior to the current petition date." In re Jupiter, 344 B.R. 754, 760 (Bankr. D.S.C. 2006) (citations omitted). So even if the stay fully terminates, the automatic stay would continue with respect to a joint debtor who is not affected by § 362(c)(3) or (c)(4). Using that interpretation, all the statutory language is seen to have meaning.

### Related Provisions and Legislative History

Interpreting § 362(c)(3)(A) in this manner is also consistent with other provisions added by BAPCPA.

First, § 362(j) provides, "On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated." 11 U.S.C.

11

§ 362(j).  Through this provision, Congress provided a procedure by which a party in interest

may confirm that the automatic stay terminated pursuant to § 362(c).  That is the procedure being

used by Movant.  Section § 362(j) allows a party in interest to obtain an order confirming the

termination of the automatic stay under § 362(c).  If § 362(c)(3)(A) did not terminate the

automatic stay in its entirety, § 362(j) would be rendered inconsistent "because § 362(j) does not

carve out exceptions for property that remains protected by the stay but broadly and summarily

allows parties to confirm that the stay has been terminated under § 362(c)."  Jupiter, 344 B.R. at

760.

Furthermore, § 362(c)(3)(B) provides that upon motion by a party in interest, and after

notice and hearing completed within the 30-day period before the expiration of the automatic

stay, the court may continue the automatic stay if such party can prove that the later case was

filed in good faith with respect to the creditors stayed by the filing.  Pursuant to § 362(c)(3)(C),

"a case is presumptively filed not in good faith," but that "such presumption may be rebutted by

clear and convincing evidence to the contrary."  11 U.S.C. § 362(c)(3)(C).  The context of

statutory scheme makes it absurd to reason that Congress has created a provision which requires

the moving party to meet such a high burden of proof and which requires bankruptcy judges to

hear the matter on an expedited basis if bankruptcy estate property in foreclosure -- property in

which secured creditors have the strongest interest -- remained protected by the automatic stay

despite expiration of the thirty day period.  "Unless § 362(c)(3)(A) effects a termination of the

automatic stay for property of the estate, there would not appear to be a need to provide parties in

interest with the right to move to extend the stay or a need to extend the stay as to all creditors."

Jupiter, 344 B.R. at 761.

12

Finally, the foregoing § 362(c)(3)(A) reasoning is consistent with the legislative history of

that provision. It is evident from legislative history that the drafters intended to terminate the

automatic stay in its entirety. Section 302 of BAPCPA added §§ 362(c)(3) and 362(c)(4) to the

Bankruptcy Code. Pub. L. 109-8, 119 Stat. 23 (2005). The legislative history provides,

"Discouraging Bad Faith Repeat Filings. Section 302 of the Act amends section 362(c) of the

Bankruptcy Code to **terminate the automatic stay** ..." H.R. Rep. No. 109-31(I), at 69-70

(2005) (emphasis supplied). The legislative history does not support the notion that termination

of the automatic stay was only a partial and extremely limited termination as most opinions on

this issue have found. Moreover, there is no indication in the legislative history that § 362(c)(3)

only partially terminates the automatic stay while § 362(c)(4) terminates the automatic stay in its

entirety. As the title indicates, in enacting this provision, Congress intended to discourage "Bad

Faith Repeat Filings." It was clearly intended to provide a hurdle before debtors who engage in

successive filings can keep the stay under § 326(c)(3)(A) or obtain it under § 362(c)(4). "If

§ 362(c)(3)(A) merely allowed creditors to badger the Debtor with phone calls or obtain property

of the debtor that is not property of the estate, then this section would be of no value." Jupiter,

344 B.R. at 761-62.

In short, the majority of opinions on this issue would reduce the "shall terminate"

language in § 362(c)(3)(A) to an inconsequential and therefore absurd result in obvious conflict

with the statutory scheme. Those opinions cannot guide the decision here.

## CONCLUSION

For the foregoing reasons, it is concluded that § 362(c)(3)(A) terminates the automatic

stay as to property of Debtor's estate that is in foreclosure as well as ending stay protection to the

Debtor and any property of Debtor not included in the estate. Therefore, separate order will enter

holding that the automatic stay fully terminated as to the Property involved here on November

11, 2006.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 22d day of February 2007.